# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTH CAROLINA DEPARTMENT )<br>OF TRANSPORTATION, )<br>)<br>Defendant. )<br>) | Civil Action No. 18-CV-541 |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for injunctive relief against the North Carolina Department of Transportation ("NCDOT") pursuant to Section 106 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9606.

2. The United States seeks performance of response activities for Operable Unit 1 of the Aberdeen Contaminated Groundwater Superfund Site ("Site"), located near Aberdeen, in Moore County, North Carolina, consistent with the National Oil and

1

Hazardous Substances Pollution Contingency Plan, 40 C.F.R. Part 300 (as amended) ("NCP").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action and over the Defendant, pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 9606(a).

4. Venue is proper in this district pursuant to 42 U.S.C. § 9606(a), and 28 U.S.C. § 1391(b) and (c), because the Site is located, the claims arose, and the threatened and actual releases of hazardous substances that gave rise to these claims occurred, within this judicial district.

## THE DEFENDANT

5. NCDOT is an agency of the State of North Carolina.

6. At times material hereto, NCDOT conducted business in this judicial district, operating a testing lab facility during times of disposal of a hazardous substance within the meaning of Sections 101(20) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(2).

7. Defendant is a "person," within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21) because it is a State or a political subdivision of a State.

## GENERAL ALLEGATIONS

8. At times relevant to this complaint, Lee Paving Company ("LPC") owned property at Lockey Drive and Lee Paving Road.

2

9. From 1964 to 1989, LPC leased a portion of the property to NCDOT for operation of an asphaltic aggregate testing laboratory.

10. From 1964 to 1989, NCDOT operated an asphaltic aggregate testing lab facility on the LPC property.

11. NCDOT used trichloroethene ("TCE") in its lab facility.

12. NCDOT disposed of TCE when it was released onto the ground during NCDOT's operation of this lab facility.

13. TCE seeped into the groundwater.

14. Investigations conducted by EPA found TCE contamination of the Site's groundwater.

15. The Site was proposed for the National Priorities List ("NPL") in March 2008 in the Federal Register (Vol. 73, No. 54, March 2008) and finalized on the NPL in September 2008 in the Federal Register (Vol. 73, No. 171, September 2008). The Site was listed on the NPL as a TCE groundwater plume Site.

16. The Site is approximately 1.3 square miles.

17. The Site plume has affected municipal water supply wells #5 and #9 belonging to the Town of Aberdeen, which have been taken out of service as a result.

18. The EPA issued an Interim Action Record of Decision for the Site on March 5, 2012.

19. Subsequently, EPA divided the Site into two operable units. Operable Unit

1 (OU1) encompasses the adverse impact on the municipal water supply from the TCE contamination in the groundwater at municipal water supply wells #5 and #9. Operable Unit 2 (OU2) encompasses the contamination in the groundwater.

20. The EPA issued a Record of Decision Amendment for Operable Unit 1 ("AROD") on September 30, 2014.

21. The AROD provides for the installation of new supply wells for the Town of Aberdeen in an area where the quality of the underlying groundwater has not been adversely impacted by past anthropic activities.

22. The AROD is not inconsistent with CERCLA or the NCP, 40 C.F.R. Part 300.

23. TCE is a hazardous substance within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

24. OU1 and the Site are each a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), because TCE has come to be located there.

25. NCDOT was an operator of a facility at the time of disposal of hazardous substances.

26. Pursuant to Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), NCDOT is a liable party under CERCLA.

## CLAIM FOR RELIEF
Injunctive Relief

27. Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in pertinent part:

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat . . . .

29. The Director of the Superfund Division of EPA Region 4, through delegated authority, has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual or threatened releases of a hazardous substance into the environment at the Site.

30. Parties that are liable to the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), may be ordered to abate such danger or threat. *See* Section 106(a) of CERCLA, 42 U.S.C. § 9606(a).

31. Defendant is liable for injunctive relief to abate and remedy the conditions at OU1 that may present an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, requests that the Court enter judgment on its behalf as follows:

A.  Order Defendant to abate the conditions at the Site that may present an imminent and substantial endangerment to the public health or welfare or environment, pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), by performing the remedy for OU1 selected by EPA in the AROD; and

B.  Grant the United States such other relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Ellen M. Mahan*
ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

*/s/ Valerie K. Mann*
VALERIE K. MANN
DC Bar number 440744
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Phone: (202) 616-8756
Valerie.mann@usdoj.gov

Of Counsel:
JOHN SHEESLEY
Assistant Regional Counsel
U.S. EPA Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303-8960
Phone: (404) 562-8139

        MATTHEW G.T. MARTIN
        United States Attorney
        Middle District of North Carolina

        /s/ Lynne P. Klauer
        LYNNE P. KLAUER
        NCSB #13815
        Assistant United States Attorney
        United States Attorney's Office
        Middle District of North Carolina
        101 S. Edgeworth Street, Fourth Floor
        Greensboro, NC 27401
        Phone: (336) 332-6309
        lynne.klauer@usdoj.gov

        ATTORNEYS FOR
        UNITED STATES OF AMERICA

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Valerie K. Mann, U.S. Dept. of Justice, ENRD/EES, P.O. Box 7611, Ben Franklin Station, Washington, DC 20044-7611, (202) 616-8756

## DEFENDANTS
North Carolina Department of Transportation

County of Residence of First Listed Defendant: Moore
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Scott Slusser, Special Deputy Attorney General, Transportation Division, 1505 Mail Service Center, Raleigh, NC 27699-1505 (919) 707-4526

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | [X] 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 9606

Brief description of cause:
Injunctive relief pursuant to Section 106 of CERCLA

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: June 22, 2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Valerie K. Mann

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.